UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAVIN BATHIJA,<br><br>    Plaintiff,<br><br>    v.<br><br>VIVINT WIRELESS, INC.,<br><br>    Defendant. | Case No. 5:18-cv-04389-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

Plaintiff Pravin Bathija is a former employee of Defendant Vivint Wireless, Inc. and alleges in this action that Vivint improperly refused to pay him all of the compensation he was owed after he was terminated. Plaintiff filed the Complaint in a California state court, which Vivint later removed.

Plaintiff now moves to remand. Dkt. No. 15. Vivint opposes. Dkt. No. 19. Given the extensive briefing and additional evidence submitted by the parties, the court finds this matter suitable for decision without oral argument. Civ. L.R. 7-1(b).

In the end, it is Plaintiff's position that more closely tracks the state of authority addressing removal jurisdiction. Thus, for the reasons explained, the motion to remand will be granted.

**I. BACKGROUND**

Plaintiff alleges that in 2013, he entered into an employment agreement with Vivint which, among other things, entitled him to an incentive bonus under a "Stock Appreciation Rights" plan. Am. Compl., Dkt. No. , at ¶ 16. According to the plan, Plaintiff would be awarded "additional compensation based on Vivint's equity growth during his employment . . . . calculated based on the fair market value Vivint's common stock" as of the date Plaintiff exercised his rights. Id. at ¶

17. "The only condition placed on [Plaintiff's] incentive compensation was that he not be discharged by Vivint 'for cause.'" Id.

Plaintiff alleges that on August 17, 2017, Vivint fired him "without an adequate explanation," but later informed him he was fired "for cause." Id. at ¶¶ 28, 29. Plaintiff then tried to obtain the incentive bonus without success.

Plaintiff's employment agreement contains a forum selection clause requiring contractual disputes be commenced in "any court of competent jurisdiction in the State of Delaware." With respect to the dispute over Plaintiff's incentive bonus, Vivint filed a declaratory and injunctive relief action in the Delaware Chancery Court on April 30, 2018. Plaintiff's counsel, Steven Chanley, accepted service of process for the Delaware action by email pursuant to an agreement with Defendant's counsel, Chet Kronenberg.

On May 16, 2018, Plaintiff filed the instant action in Santa Clara County Superior Court. In response, Vivint moved the Delaware Chancery Court to enjoin Plaintiff from proceeding with the California action. The Delaware Chancery Court eventually denied the motion.

Chanley and Kronenberg exchanged a series of emails about the California action on May 18, 2018. At 11:44 a.m., Chanley sent copies of the Summons and Complaint to Kronenberg, to which Kronenberg responded at 12:17 p.m.: "Are you asking me to accept service of the Summons, Complaint and related papers? If so, I don't think it will be a problem, but I need to run it by my client."

At 12:20 pm. Chanley wrote back: "They were courtesy copies. We can serve you or CT Corp. Please let me know your preference. Thank you." Almost an hour later, Kronenberg wrote: "Vivint has authorized me to accept service of the Summons and Complaint." Chanley then wrote: "OK. Please consider the courtesy copies official service of process, then. We had previously agreed to accept service by email."

Chanley and Kronenberg also discussed on May 18, 2018, a possible stipulation to stay the California action pending the outcome of the Delaware action. That conversation ended with Kronenberg writing: "Vivint is not willing to sign the stipulation."

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

2

With no agreement to stay the California action, Chanley wrote the following email to Kronenberg on May 23, 2018:

> In order to avert your client having to respond any time soon to the California suit now, currently pending in Santa Clara County, I will be re-serving you're [sic] the Summons and Complaint by mail, via Notice and Acknowledgment. That will give your client 50 days, instead of 30, in which to respond.

Kronenberg responded: "Just to be clear, please confirm that your prior service of the Summons and Complaint to me by email on May 18, 2018 has been withdrawn." Chanley then wrote: "Yes. We have not returned that proof of service to the Court, so it should not be an issue." Ultimately, Kronenberg accepted service of the Summons and Complaint by email on July 18, 2018, after the Delaware Chancery Court denied the injunction motion. Vivint removed this action one day later, and this motion followed.

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
3

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### B. Time for Removal

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). It is generally established that the thirty-day removal period begins when a defendant is "brought into the case" and furnished with a copy of the complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-54 (1999); see also Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011).

Though the thirty-day removal deadline is not jurisdictional, it is nonetheless mandatory, such that "a timely objection to a late petition will defeat removal." Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). However, "a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." Id.

## III. DISCUSSION

Plaintiff argues Vivint's removal was untimely. This question boils down to one critical determination: whether the thirty-day removal period is measured from May 18, 2018, the date of the "first service" by email, or from July 18, 2018, the date of the second service by email. Measured from the date of the first service, the removal was indisputably outside the statutory timeframe provided by § 1446(b). But measured from the date of the second service, the removal is well-within the period.

The parties have not cited an opinion examining similar facts, and the court did not uncover one through independent research. Nevertheless, there exists persuasive guidance on this topic. Because this guidance dictates that (1) the first service was properly effectuated so as to

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

trigger the statutory removal period, and (2) the second service could have not functioned to extend the removal period, remand of this action is warranted.

### A. The First Service was Properly Effectuated

The court first examines whether the method of service utilized on May 18, 2018, was sufficient to commence the § 1446(b) removal period.

California law governs this inquiry. A corporation like Vivint can be served by delivering the summons to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). Here, there is no dispute that Kronenberg was a "person authorized" by Vivint to receive service of process on its behalf. Indeed, Kronenberg explicitly stated as much in one of his May 18th emails.

Instead, Vivint argues the manner of service was ineffective. The methods explicitly contemplated by the California Civil Procedure Code are personal delivery (§ 415.10), or substitute delivery, constituted by a combination of delivery of the summons to the corporation's place of business followed by a mailing (§ 415.20). But these are not exclusive possibilities, because California courts "may exercise jurisdiction on any basis not inconsistent" with the state Constitution or that of the United States. Cal. Code Civ. Proc. § 410.10. "Basically, the only limitation is 'fair play and substantial justice,' the constitutional requirements of due process." M. Lowenstein & Sons, Inc. v. Super. Ct., 80 Cal. App. 3d 762, 767 (1978), disapproved on other grounds in Johnson & Johnson v. Super. Ct., 38 Cal. 3d 243, 255 n.7 (1985). "[T]here is no constitutional requirement that personal service is indispensable when practical." Id. at 768. "The required notice is that which is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to be heard." Id.

Because California law permits the exercise of personal jurisdiction to the greatest constitutional extent, other courts examining the sufficiency of email service have approved it where such service is reasonably calculated to provide actual notice. See Bay Area Painters &

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Tapers Pension Trust Fund v. J&C Fuentes Painting & Decorating Co. Inc., No. 18-cv-04118-LB, 2018 WL 4108069, at *2 (N.D. Cal. Aug. 29, 2018); accord Williams-Sonoma Inc. v. Friendfinder Inc., No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (approving service of process by email where the plaintiff "established that the email accounts they have for defendants have been effective means of communicating with the defendants, which would serve the purposes of ensuring the defendants receive adequate notice of this action and an opportunity to be heard").

For this case and under these *particular circumstances*, the court finds the first service by email was reasonably calculated to provide actual notice of the California action to Vivint, and did, in fact, provided Vivint with actual notice. The record shows the parties' attorneys had routine, ongoing communications over email prior to the first service, had already agreed that service of process by email could be accomplished for another related action, and ultimately engaged in "second service" by email. It is therefore clear that email was an effective means for the parties to communicate, and it cannot be reasonably disputed that email would serve the purposes of ensuring Vivint adequate notice and an opportunity to be heard especially since it authorized its attorney to accept service on its behalf.

Futhermore, Kronenberg's responses to Chanley, and his lack of response, are notable. After Chanley emailed Kronenberg "courtesy copies" of the Summons and Complaint, Kronenberg confirmed he was authorized to accept service. In response, Chanley sent an email in which he stated: "OK. Please consider the courtesy copies official service of process, then. We had previously agreed to accept service by email." Kronenberg never disputed an agreement to accept service by email, nor did he dispute receipt of the "courtesy copies." Though Vivint now insinuates it never consented to receive service of process by email for the first service, the communications of its counsel belie that argument. In any event, the lack of agreement would not alter the fact that the constitutional purpose of service of process was fulfilled by the first service, since Vivint was actually notified of the pendency of the California lawsuit through Chanley's emails.

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

6

Vivint also argues the Summons sent with the first service was defective on its face because none of the boxes were checked on the lower portion of the document. The purpose of the check-boxes is to inform whether a party is served individually or on behalf of a business entity. Cal. Civ. Proc. Code § 412.30. The absence of that clarification on the Summons simply does not matter for this case, because the communications between counsel show that Kronenberg knew from the outset he was served on behalf of Vivint and not as an individual; again, he specifically stated he was authorized to receive service on Vivint's behalf. On this facts, there is no room for confusion on that issue. The court therefore finds that Plaintiff substantially complied with the service requirements. See Ramos v. Homeward Residential, Inc., 223 Cal. App. 4th 1434, 1442-43 (2014) (citing Dill v. Berquist Constr. Co., 24 Cal. App. 4th 1426, 1437 (1994)). Vivint's suggestion of a per se rule against substantial compliance under these circumstances is rejected, as the court is unable to locate any such rule in the case citations it provided. To the contrary, service rules must be liberally construed to effectuate service if actual notice has been received by the defendant. Id. at 1443.

Because the first service was properly effectuated, Vivint was brought into the California action on that date. The Complaint sent at that time showed the case was removable on the basis of diversity jurisdiction, and Vivint had thirty days from May 18, 2018, to file a Notice of Removal. Since it did not do so until July 19, 2018, the removal is untimely.

**B.  The Second Service did not Extend or Restart the Removal Period**

Vivint argues the second service extended or restarted the removal period because Plaintiff withdrew the first service. The court is not convinced.

The Supreme Court interprets § 1446(b) to "assure defendants adequate time to decide whether to remove an action to federal court" by designating when the removal period commences under the various state provisions for service of a summons and the filing and service of a complaint. Murphy Bros., 526 U.S. at 354. The Court has sorted these state provisions into four categories and under each, "the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

7

complaint is received." Id. But once the clock starts ticking, the mandatory time limit cannot be turned back by continuance or stipulation not amounting to a waiver of the timeliness defect. See Lewis v. City of Fresno, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008); see also Carrillo Prop. Invs, LLC v. Robinson, No. 3:17-cv-02003-BEN-NL, 2017 WL 5714285, at *1 (S.D. Cal. Nov. 28, 2017).

Here, the first service provided Vivint adequate time to decide whether to remove the California action. Vivint was served with the Summons and Complaint simultaneously, so "the 30-day period for removal [ran] at once" and expired on June 17, 2018. Murphy Bros., 526 U.S. at 354. Plaintiff did not waive the timing defect since he raised the issue within the period permitted by 28 U.S.C. § 1447(c). Vivint conspicuously fails to grapple with these facts in its opposition to the remand.

Vivint instead invokes judicial and equitable estoppel, but neither prevents Plaintiff from seeking remand. The discretionary doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000)). Facts relevant to its application are: (1) whether a "party's later position [is] 'clearly inconsistent' with its earlier position," (2) "whether the party has succeeded in persuading a court to accept that party's earlier position," thereby creating the perception the court was misled, and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 750-51. The Ninth Circuit holds that judicial estoppel "seeks to prevent the *deliberate* manipulation of the courts." Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir.1997) (emphasis added).

None of the relevant factors favor applying judicial estoppel. First, emails between counsel show that Plaintiff's current position is not inconsistent with the "withdrawal" or the second service, since the purpose of the latter actions was to benefit Vivint with a longer period to respond to the Summons and Complaint in state court. Neither attorney made any mention of the

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

8

removal deadline, or an extension of it, in their communications. Second, Vivint has not shown that a court did anything in reliance on either a "withdrawal" of the first service or on the second service. Third, there is no unfair advantage to Plaintiff or unfair detriment to Vivint since the result of a remand is merely to return this action to the forum from which it originated. Nothing here speaks of a deliberate manipulation of the courts.

Similarly, equitable estoppel does not assist Vivint. "Equitable estoppel prevents a party from assuming inconsistent positions to the detriment of another party." United States v. Georgia-Pacific Co., 421 F.2d 92, 96 (9th Cir. 1970). Because Plaintiff has never taken inconsistent positions on the removal period, Vivint has not shown that Plaintiff intended Vivint to rely on the "withdrawal" or the second service to its detriment. For this reason, the case cited by Vivint in support of it equitable estoppel position, Luchetti v. Hershey Co., No. C 089-1629 SI, 2008 WL 2331965 (N.D. Cal. June 4, 2008), is inapposite.

In sum, Vivint's reliance on a "withdrawal" of the first service and a subsequent second service does not overcome the "strong presumption" against removal jurisdiction. Though the court has found the effectiveness of the first service resolves the timeliness question against Vivint on its own, there is at least a significant doubt whether the removal was proper. Even under those circumstances, this action must be remanded.

## IV. ORDER

Based on the foregoing, the Motion to Remand (Dkt. No. 15) is GRANTED.

The hearing scheduled for November 15, 2018, is VACATED. All other matters are terminated and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 9, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04389-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
9